OPINION OF THE COURT
Eric N. Vitaliano, J.
The respondent tenant, Natalie Chavis, moves by order to show cause for relief from a default judgment that had been entered against her on June 14, 2001 in this residential nonpay *507 ment proceeding. Long out of possession, Ms. Chavis challenges only the $4,591.84 awarded to the petitioner landlord, Kenneth Colacino, for rent arrears.
Ms. Chavis does not deny that she failed to pay the rent. She grounds her challenge on her status as a section 8 tenant (see 42 USC § 1437) under the tenant-based housing assistance payment program. As a section 8 tenant, she contends, she is responsible only for the unpaid tenant’s portion of the rent. For the unpaid government portion of the rent, and it obviously comprises the vast majority of the judgment, Ms. Chavis argues that Mr. Colacino must look solely to the New York City Housing Authority (NYCHA) for payment. It is a novel proposition. The court is not referred to any authority squarely on point.
There are, however, decisions on kindred issues which provide guidance. One is Sobers v Baker (NYLJ, Apr. 15, 1998, at 27, col 3 [Civ Ct, Kings County]). There the court denied the tenant’s motion to implead NYCHA for, it ruled, it lacked the authority to direct NYCHA to alter its administrative decision to terminate the tenant’s section 8 subsidy. Absent a determination by a court with such power, the court held, more importantly, that the nonpayment proceeding should go forward without NYCHA and without application of the Williams consent decree that would ordinarily have covered it. By implication, then, the court had apparently decided that NYCHA’s determination to terminate the tenant’s subsidy because of the tenant’s alleged noncompliance with the section 8 rules of eligibility was not a defense to the proceeding brought as a result of the rent having not been paid.
Other decisions are in harmony with the theme that a tenant is responsible for the entire rent due once the rental is no longer covered by a government assisted rent payment program. In 30 Eastchester v Healy (2002 NY Slip Op 40066[U] [New Rochelle City Ct, Westchester County, Mar. 28, 2002]), a nonpayment proceeding was allowed to go forward as a nonsection 8 proceeding with the landlord seeking possession of the premises based on the tenant’s failure to pay the section 8 portion of the rent after the section 8 subsidy had been terminated. East Harlem Pilot Block Bldg. 1 HDFC v Cordero (196 Misc 2d 36 [Civ Ct, NY County 2003]), involving a tenancy covered by a “project-based” section 8 subsidy program administered by the United States Department of Housing and Urban Development, also suggested that the tenant is responsible for paying the full market rent to the landlord if the subsidy under that program was *508 properly terminated, as contrasted to suspended for the tenant’s failure to timely recertify eligibility to participate in the program.
Here, then too, the tenant’s fault must undermine her plea. Originally, the tenant speculated that NYCHA may have paid its portion of her rent and that the judgment against her would be tantamount to a double recovery. The hearing on her motion, in fact, was delayed to allow her to subpoena NYCHA’s file on this tenancy. Without objection by the landlord, a copy of the entire file was received in evidence as respondent’s exhibit A. Not only didn’t the file confirm Ms. Chavis’s speculation, it lent potent support to Mr. Colacino’s position.
The NYCHA file contained no record of payment of the disputed rent to the landlord. It did contain, though, more than one reference that NYCHA had terminated Ms. Chavis from the section 8 program during the months in issue because she had failed to file the information needed for NYCHA to recertify her for the program. The file also recites several warnings given to her that her noncompliance would result in termination of the subsidy. Further, the file contains a copy of a letter sent directly by NYCHA to Mr. Colacino advising him of the impending subsidy termination and additionally advising him that, after the termination date, Ms. Chavis “will be responsible for payment of the entire rent.”
At the time the default judgment the tenant now seeks to vacate was entered, there is no question that the rent was in arrears. There is also no question that NYCHA had terminated the tenant from the section 8 program and, most critically, that Ms. Chavis was the cause of the termination through her own fault alone. Following termination of section 8 eligibility, Ms. Chavis continued her tenancy without any other change to the lease terms. Several months later, Ms. Chavis properly recertified for the program and NYCHA resumed paying the government portion of the rent with no modification of the lease or the housing assistance payment agreement. The default judgment awarded Mr. Colacino covered the rent for the months Ms. Chavis remained in possession but failed to pay the market rent agreed to in the lease and found to be reasonable in the housing assistance payment agreement.
Squarely presented on the tenant’s motion is the issue of her responsibility for that portion of the agreed rent not paid to the landlord solely because the tenant had failed to abide by the rules and regulations governing the tenant-based housing assis *509 tance payment program. What was implied in earlier case law is actualized here. As NYCHA wrote to Mr. Colacino following termination of the section 8 subsidy, Ms. Chavis is “responsible for the entire rent.” That is what the law of landlord-tenant requires. Therefore, the default judgment to that effect, and in the amount which is otherwise unchallenged, should not be disturbed.
The tenant’s motion to vacate the default judgment entered against her and to restore this matter to the trial calendar must be, and hereby is, denied. All stays are vacated.